## NEW YORK, N. H. & H. R. CO. v. LEHTOHNER.

### (Circuit Court of Appeals, Second Circuit. April 14, 1913.)

### No. 202.

1. **APPEAL AND ERROR (§§ 1097, 1195\*)—DECISION ON FORMER APPEAL—LAW OF CASE.**

    A decision on a former appeal is the law of the case on retrial and on a subsequent appeal based on the same facts.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4127, 4661–4665; Dec. Dig. §§ 1097, 1195.\*]

2. **RAILROADS (§ 381\*) — CROSSINGS — CROSSINGS BY SUFFERANCE — DUTY OF RAILROAD COMPANY.**

    Decedent, while traveling a well-recognized pathway leading from a subway station across defendant's track to its station platform, was struck and killed by one of defendant's trains. *Held*, that the court properly charged that a railroad, by acquiescence, may permit what amounts to a usual and well-recognized crossing, where pedestrians do not intrude on the railroad track otherwise than for the purpose of crossing it, and that, if such was the character of the crossing, decedent was not negligent as a matter of law in using it.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1285–1293; Dec. Dig. § 381.\*]

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below. The action was brought to recover for the death of Lehtohner, who was struck by a locomotive while crossing defendant's tracks. This is the second time the case has come before us. On the first trial a verdict was directed in favor of defendant, on the ground that deceased was walking along on the railroad track, instead of walking along outside of the track, without any reason, except his own convenience. This court reversed, because, although there was testimony in the case which would sustain the above statement, there was also testimony from which the jury might find that deceased who was about to take a train at the West Farms station, was crossing the track at a usual and well-recognized crossing. 188 Fed. 59, 110 C. C. A. 129. The facts are quite fully set forth in our former opinion, and need not be repeated here.

Charles M. Sheafe, Jr., of New York City (I. R. Oeland, of Brooklyn, of counsel), for plaintiff in error.

T. J. O'Neill, of New York City (L. F. Fish, of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. [1] The case now presented is not materially different from that which came before us on the other writ of error. Defendant urges that our former decision was based upon the assumption that the decedent came up the traveled path to a platform on the north side of the tracks and then started to cross to the station on the south side. While it was stated in the opinion that it is

not necessarily negligence as a matter of law to cross from one platform to another, the decision, as a whole, was not based on any such narrow ground. The underlying principle was that a railroad company owes duties to persons on usual and well-recognized crossings and that the traveling public in using such crossings are not necessarily and as a matter of law negligent.

[2] There is evidence in the record tending to show that there was, and had been for some time, a well-recognized, generally traveled pathway from the subway station to the track, reaching it a little east of the north platform, and thence diagonally across the track to the station; that it was known to the railroad company, and was the route usually taken by the station master himself. The court charged:

"Now, even where there is not what we all know as a grade crossing, it may be laid down for law .that a railroad may, by its acquiescence, permit what amounts to a usual and well-recognized crossing, where pedestrians do not intrude upon the railroad track otherwise than for the purpose of crossing it, acquiescence, custom, habit, known or presumably known to the railroad company, may create a crossing where the stranger, perhaps, would not see it."

This was a correct statement of the law. It then left to the jury two questions of fact:

1. Was there at this place such a usual and well-recognized crossing?
2. Did the deceased pursue such usual and well-recognized crossing?

It further instructed them that, if either of these questions was answered in the negative, their verdict should be for the defendant. By their verdict the jury answered both these questions in the affirmative. Although the evidence was conflicting, there was sufficient to sustain their verdict. We find no exception which should require a reversal.

Judgment affirmed.